E-FILED
Monday, 20 October, 2014 03:15:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DENNIS SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-CV-3271 |
| | ) | |
| ALICE ORE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court

grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103). However, conclusory statements are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

The court first notes the Plaintiff currently has a lawsuit pending in the Central District of Illinois alleging Defendants Travis Smith and Ryan Kerr were deliberately indifferent to his serious s medical condition when he was denied dialysis treatment for five continuous days in March of 2013. *See Scott v Smith*, Case No. 13-3157, July 11, 2013 Merit Review Opinion.

In the case before the court, the Plaintiff's confusing and repetitive complaint is difficult to decipher. He again makes reference to the denial of dialysis in March of 2013, but appears to be attempting to add new Defendants. For instance, the Plaintiff alleges Defendant Nurse Alice Orr and Security Therapist Aide Rose Taylor denied him dialysis during the same time period in March of 2013. (Comp, p. 8, 14). In addition, the

2

Plaintiff alleges the new Defendants denied him dialysis in July and August of 2014 and retaliated against him for his previous lawsuit.

The Plaintiff cannot combine these allegations in a new lawsuit. If the Plaintiff wishes to add Defendants to a claim which is already pending before this Court, then he must file a motion for leave to amend his complaint in that case. Therefore, if the Plaintiff wishes to add additional Defendants to his claim that he was denied dialysis during the five day period in March of 2013, he must file a motion to amend in *Scott v Smith*, Case No. 13-3157. The motion must include a proposed amended complaint setting forth all claims against all Defendants, and must not make reference to any previous complaint.

The Plaintiff may proceed in this lawsuit with his unrelated claims involving a denial of dialysis in July and August of 2014 and retaliation for his previous lawsuit. However, to avoid confusion, the court will require the Plaintiff to file an amended complaint clarifying those claims. The amended complaint must not repeat his allegations involving the denial of medical treatment in March of 2013. In addition, the Plaintiff must not include two separate lists of Defendants and different, repetitive statements of his claims. The amended complaint must list his intended Defendants one time and must list his intended claims one

time. This will eliminate confusion over intended claims and Defendants and will avoid any overlap with his pending litigation.

**IT IS ORDERED:**

1. The Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2. The Plaintiff must file an amended complaint in compliance with this court order on or before November 14, 2014. If the Plaintiff fails to file an amended complaint by this deadline or ignores the court's specific directions, his case may be dismissed.

3. The clerk of the court is to provide the Plaintiff with a blank complaint form to assist him and reset a merit review deadline for December 1, 2014.

ENTERED: October 20, 2014

FOR THE COURT: s/ Sue Myerscough
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE