UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DENNIS SCOTT, )
)
   Plaintiff, )
)
   v. )   14-CV-3271
)
ALICE ORE, et. al., )
)
   Defendants. )
)

MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

   This cause is before the court for review of the Plaintiff's Amended Complaint.

## BACKGROUND

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. In his initial complaint, the Plaintiff alleged various problems receiving dialysis for his diabetic condition. However, his complaint was repetitive, confusing, and difficult to decipher. In addition, the Plaintiff included claims which were the basis of another lawsuit in the

Central District of Illinois alleging the Plaintiff was denied dialysis treatment for five continuous days in March of 2013. *See Scott v Smith*, Case No. 13-3157, July 11, 2013 Merit Review Opinion.

Therefore, the court dismissed the Plaintiff's complaint, but allowed him additional time to file an amended complaint clarifying his claims. *See* October 20, 2014 Merit Review Opinion. The Plaintiff has now filed his amended complaint.

## ALLEGATIONS

The Plaintiff has identified five Defendants including Dialysis Nurse Alice Ore and Security Therapist Aides James Morton, Rose Taylor, Amy Wessel and Wanda Pennock. The Plaintiff says he is suing each Defendant in their individual and official capacities.

Once again, the Plaintiff's amended complaint is a litany of complaints which are not in any particular order and are difficult to follow.

For instance, the Plaintiff says on July 19, 2014, Nurse Alice Ore sent him back to his unit wearing blood soaked clothes in violation of facility protocols.

On August 26, 2014, Nurse Ore and Aide Taylor denied the Plaintiff scheduled dialysis.

On July 23, 2014, the Plaintiff's blood sugar level dramatically dropped, and he was rushed to the Health Care Unit where he was given shots in his stomach. When Nurse Ore was informed of the emergency, she stated she did not care.

On August 6, 2014, the Plaintiff complained to Nurse Ore about her unprofessional comments. She responded by ending his dialysis treatment. Aides Pennock and Taylor were escorting the Plaintiff back to his unit when the Plaintiff complained that he could not breath and asked to return to the Health Care Unit. His request was denied.

Nurse Ore also denied the Plaintiff dialysis treatment on August 6, 2014 and August 9, 2014. The Plaintiff reported the denial to Aides Morton and Wessel, but they threatened to put the Plaintiff in segregation if he did not return to his unit.

The Plaintiff also says he was denied dialysis by Nurse Ore and Aide Taylor on September 3, 2014.

On October 8, 2014, Nurse Ore tampered with the Plaintiff's dialysis machine causing him to lose blood and suffer chills.

On October 17, 2014, Aide Morton and Nurse Orr denied dialysis treatment and Pennock and Ore denied treatment on October 20, 2014.

The Plaintiff says the "reckless" admission of dialysis treatment has placed strain on his muscles and led to an enlarged heart. (Amd. Comp., p. 8). The Plaintiff finishes with an all-encompassing stream of complaints including "harassing, threatening, intimidating, retaliating, discouraging and scaring the Plaintiff away from his lawsuit against their co-workers who's adverse action was directly related to Plaintiff's protected conduct violations of his 1st Amendment right to redress the government for grievance and his 14h amendment right to due process of law…." (Amd. Comp., p. 6).

## ANALYSIS

It is still difficult to discern the Plaintiff's specific claims or whether he has adequately alleged any violations of his constitutional rights. For instance, the fact that Nurse Ore made unprofessional comments or did not follow a specific protocol does not rise to the level of a constitutional violation. Nonetheless, if the Plaintiff can demonstrate the repeated problems with receiving

medically mandated dialysis treatment lead to the additional medical problems claimed, he may be able to demonstrate the Defendants were deliberately indifferent to his serious medical condition. The Plaintiff may also be able to demonstrate a policy or practice of denying adequate dialysis. Finally, while not artfully pled, it is also possible the Plaintiff might be able to demonstrate the Defendants refused to provide him regular dialysis in retaliation for his previous lawsuit against Rushville workers which was filed May 28, 2013 and is still pending. *See Scott v Smith,* Case No. 13-3157.

It is not entirely clear how the non-medical Defendants were responsible for determining whether the Plaintiff received dialysis, but this is not an issue which can be addressed during the initial review.

Finally, the court notes the Plaintiff has filed a motion for appointment of counsel. [3] In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d

647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence that he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, the motion is denied with leave to renew. [3]

**IT IS ORDERED:**

1. **Plaintiff's petition to proceed in forma pauperis is granted [2].** Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims against Defendants Ore, Morton, Taylor, Wessel and Pennock: 1) the Defendants were deliberately indifferent to his serious medical condition when they repeatedly refused to provide dialysis leading to additional health problems; and, 2) the Defendants repeatedly refused to provide dialysis in retaliation for the Plaintiff's previous lawsuit. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used

only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.    Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    7.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

12. **The Plaintiff's motion for appointment of counsel is denied with leave to renew.[3]**

ENTERED: January 14, 2015

FOR THE COURT:

                    s/ Sue E. Myerscough

                 _____
                      SUE E. MYERSCOUGH
                  UNITED STATES DISTRICT JUDGE